OPINION OF THE COURT
Michael J. Miller, J.
Respondent, Curtis Arline, has filed a petition requesting that the court modify the income execution served upon *196 respondent’s employer, Xerox Corporation, Rochester, New York by the Monroe County Department of Social Services Support Collection Unit. The court has accepted respondent’s petition as a request to vacate and modify its prior decision in this matter pursuant to the court’s continuing jurisdiction. (Family Ct Act § 451.)
The court, after having reviewed this matter including respondent’s petition and supporting papers and petitioner’s responding papers, finds and decides as follows:
By decision and order dated April 1, 1992, this court ordered that respondent pay child support of $165 per week plus an additional $5 per week towards retroactive support and arrears to be paid by immediate income execution pursuant to Domestic Relations Law § 240 (2) and Family Court Act § 440. Thereafter, the Department of Social Services issued an income execution for $255 per week. The amount of the income execution included the $170 per week ordered by the court plus an administrative add-on amount of $85 per week to be applied toward the payment of retroactive support, called arrears/past due support in the income execution.
The add-on amount is established administratively by the New York State Department of Social Services. It is currently set at $50 per week or 50% of the total amount ordered by the court, whichever is greater. The add-on amount may be assessed whenever there is a default in payment of support under CPLR 5241. In the present case, there had been no default in payments by respondent. The imposition of the add-on was automatically triggered by the amount of retroactive support existing from the filing date of the petition which accrued automatically at the time of the court’s previous decision. The Support Collection Unit imposed the add-on immediately relying on the amendments to the Domestic Relations Law and the Family Court Act, effective April 2, 1992 which redefined "retroactive support” as support arrears/past due support and specifically allowed collection by income execution.
Family Court is empowered and in fact required to direct the manner in which retroactive support is to be paid pursuant to Family Court Act § 440. That section states that, "Any retroactive amount of support due shall be support arrears/ past due support and shall be paid in one sum or periodic sums, as the court directs” (Family Ct Act § 440 [1] [a] [emphasis added]).
*197 Family Court Act § 440 (1) (b) further provides that the provisions of CPLR 5241 relating to default shall not apply to the issuance of an income execution under Family Court Act § 440. The decision of the court setting the amount of support and retroactive support was made after consideration of the Child Support Standards Act statutory criteria and the circumstances of this case. It would be unjust to interpret the 1992 amendment to allow the Support Collection Unit to override a specific court order made pursuant to Family Court Act § 440. Once an amount for liquidation of retroactive support/arrears is ordered by the court pursuant to the statute, the Support Collection Unit has no authority to collect additional amounts unless respondent subsequently defaults as defined under CPLR 5241.
Accordingly, it is:
Ordered that the court’s prior order in this matter dated April 1, 1992 is vacated; and it is further,
Ordered that respondent shall pay only $165 per week child support plus an additional $5 towards retroactive support/ arrears for a total of $170 per week in connection with this matter. No additional amounts shall be collected from respondent by income execution or otherwise taken from respondent for payment of retroactive support/arrears unless respondent’s failure to pay child support as ordered herein puts him in default under CPLR 5241. Respondent shall receive credit for any overpayments made as a result of the court’s previous order and the income execution issued pursuant to that order. The Support Collection Unit is directed to issue a new income execution in compliance with this order; and it is further, Ordered that all other provisions of the order of the Hearing Examiner shall remain unchanged.